The President and Trustees of the Town of Mount Sterling, Plaintiffs in Error, *v.* James Givens, Defendant in Error.

### ERROR TO BROWN.

Where, upon a proceeding by town authorities, to condemn lands for opening streets, they describe said land in all their proceedings, as being the land of A., they cannot afterwards deny his right to be heard on the question of damages, upon the ground of his want of title.

This is an appeal from the verdict of a jury impanneled to assess the damage for the extension of certain streets in the town of Mt. Sterling, over lands *claimed* by the defendant in error. Judge Walker having been of counsel for the defendant in error, the cause was sent to Hancock county, and was there tried at the October term, 1855, before Sibley, Judge, and a jury.

The jury found for the plaintiff, James Givens, and assessed the damage he will sustain by reason of ·running the streets over his land, over and above the additional value said lands will derive from the construction of said streets, at $290.

Of this verdict the authorities of Mt. Sterling complain, and bring the cause to this court.

J. W. Singleton, for Plaintiffs in Error.

Browning and Bushnell, for Defendant in Error.

Scates, C. J. At the common law, possession was sufficient to sustain an action of ejectment for the recovery of title in fee; *Day et al.* v. *Alderson,* 9 Wend. R. 223; and a bare parol acknowledgment of a tenant will be received as evidence to recover possession from him; *Jackson ex dem. Dale et al.* v. *Denison,* 4 Wend. R. 558. And this has been extended to parol declarations against one in possession, and those claiming under him, where no legal title is shown in him, and higher testimony appeared as to the matter of his title. *Jackson ex dem. Swartwout et al.* v. *Cole,* 4 Cow. R. 587. It was further held in this case that the defendant, having given evidence to show the lands

were forfeited to the State as the lands of a certain person, and with the view of defeating plaintiff's title by showing title out of the lessors of the plaintiff, and in another, derived through such forfeiture of that person's estate, the plaintiff might proceed to deduce title from that person, without further proof of title in him.

And this court has sustained parol proof of ownership of land, under the statute against trespassing by cutting timber, which had been received as evidence of such ownership, without objection of defendant. *Clay et al.* v. *Boyer,* 5 Gil. R. 506. And yet strict proof of title may be required to show, and is contemplated by this statute, as in ejectment at the common law. *Wright* v. *Bennett,* 3 Scam. R. 258; *Mason* v. *Park,* id. 532; *Whiteside et al.* v. *Divers,* 4 Scam. R. 336; *Jarrot* v. *Vaughn,* 2 Gil. R. 132.

In *County of Sangamon* v. *Brown et al.,* 13 Ill. R. 212, the court say the claimant holds the affirmative, and must prove title and damages. There is nothing in the case to show the claimant made this proof. That is the chief question here.

The act of 1849 to incorporate towns and cities, (Acts 1849, p. 224,) authorizes incorporated towns to exercise the powers conferred by the act of 1839, (Acts 1839, p. 12, art. 7,) to incorporate the city of Springfield, amongst which is one to take private property for opening, widening or altering public streets, lanes, avenues and alleys.

In exercising this power in the extension of North and Washington streets, through the lands of Givens, the plaintiffs, in all their corporate orders, jury process, trial, or inquest of damages, have proceeded to locate these streets, and condemn land for a public easement, upon the land of defendant, James Givens, and not a particular locality.

The order locating the extension of these streets, has no certain, reliable or definite other description than north and west, over the lands of James Givens. If he has no lands, then that order is void for uncertainty, as no man can locate the extensions. If James Givens has no land in these directions, or if, as is not shown, there is no land in these directions known by that name or description, how far will you take these streets under such an order? Can the street commissioner in opening, or the jury in assessing damages, determine how far to go and where to stop? Does the order purpose to reach the outer boundaries of the town plat as recorded, or the outer boundaries of the corporation if beyond the plat, or a mile, or ten miles? May not others, owning lands which would be crossed by these lines extended north and west, well resist any attempt to con-

demn their lands under this order, until it be shown that such land as is described as the point or boundary of extension, lies beyond, and therefore, the extension is across them also? I make this criticism upon the order and the whole of the proceedings of the trustees in the condemnation, in answer to the view presented on the argument, that the order was no admission of title in James Givens, but was a mere description of the land or line of extension, and James Givens must therefore prove title of ownership by deed or possession. This is as a general rule true. But it may have its exceptions, as I have shown by decisions, where persons sustain relations that forbid them to call for proofs against their acts or admissions, or by waiver of such proof, and acquiescence in an inferior, secondary character of evidence.

The circumstances and acts of the plaintiffs present such a case here. They have ordered an extension over the land of James Givens, and called a jury and assessed damages to him by that condemnation, and they have submitted proofs to show no damage, on the trial of an appeal by him, without objection or denial of his ownership, except by a general instruction asked to be given to the jury to find for the trustees. So careful to conceal the true ground, being for want of written evidence of title, it is not mentioned in the instruction. Had it been openly made and avowed, it may be, that on application, the court would have allowed the proofs to have been opened, and this objection removed by technical proof of title. It is too late here to raise that objection as technically included under the instruction asked. But beyond this we are of opinion that there is an intentional admission of ownership in Givens, doubtless known to be his from the private individual knowledge of the trustees, for the whole proceeding carries upon its face the manifest intention of extending these streets over his land, and his land alone, and for which purpose they call a jury and assess damages to him, and condemn his land.

Had the order and proceedings described the land by numbers, or any other designation of name or boundary, then indeed a very different question might arise as to ownership, and the legal proofs of it in James Givens, when he should come to ask damages for that extension over lands claimed by him. It is true the public may acquire no title, unless they properly condemn private property, and it may be, pay the true owner, or deposit it subject to his right. But it is equally true that the public authority may have the question of title investigated, if they please, and proceed against an individual as the owner, and condemn it as his, and his right. When they do so, it is inadmis-

17

sible to deny his right to be heard on the question of damages, or to withhold them when assessed upon the ground of his want of title. This seems to us to be a clear case of this character.

*Judgment affirmed.*